| VERMONT SUPERIOR COURT | | CIVIL DIVISION |
| --- | --- | --- |
| Windsor Unit | | Case No. 736-10-09 Wrcv |
| 12 The Green | | |
| Woodstock VT  05091 | | |
| 802-457-2121 | | |
| www.vermontjudiciary.org | | |



---

**The Bank of New York Mellon vs. Quinn et al**

---

### ENTRY REGARDING MOTION

Title:      Motion for Remote Testimony (Motion 293)
            Motion for Remote Testimony (Motion 294)
Filer:      Sheldon M. Katz
Filed Date:  May 24, 2024 (Motion 293)
            May 28, 2024 (Motion 294)

A merits hearing in this fourteen-year-old foreclosure action is scheduled for Friday, May 31, 2024, and the hearing notice went out about eight weeks ago. On Friday, May 24th and Tuesday, May 28th, plaintiff filed two motions seeking permission for two different witnesses to testify remotely at the merits hearing, either by telephone or video. As to both witnesses, plaintiff characterized their testimony as "brief" and "not complex," but plaintiff did not provide the court with any substantive information as to the proposed content of their testimony, nor did plaintiff provide the court with enough information to permit an independent evaluation as to the importance of their testimony to the case. For both witnesses, the reason for the remote testimony is convenience, time, and expense, because they live in other states.

Generally, the rule is that civil division hearings are held in person, and the in-person nature of this merits hearing was clearly stated on the hearing notice. Vt. R. Civ. P. 43.1(a)(1). A party may seek permission for a witness to testify by remote means, but the motion must be filed "reasonably in advance of the proceeding." Vt. R. Civ. P. 43.1(d)(2)(C). Although the rule itself does not define what is meant by this temporal requirement, and although the rule does not carry forward language from a prior version of the rule that had required such motions to be filed "at least 28 days prior to the date of the scheduled trial or any other proceeding scheduled more than 28 days in advance," the idea of the rule remains that the motion must be filed sufficiently in advance of the hearing to permit a meaningful court determination as to "whether there is good cause under the factors." Vt. R. Civ. P. 43.1, Reporter's Notes—2023 Amendment; Vt. R. Civ. P. 43.1(c)(2)(A) (prior version effective until October 1, 2023).

In this case, notice of the merits hearing was provided about eight weeks ago, but plaintiff filed the motions only several business days before trial. This is not enough time to permit the self-represented defendant (who is not an electronic filer) a meaningful opportunity to respond. Moreover, plaintiff has provided only conclusory representations about the content of the proposed witness testimony, which means that the court cannot independently assess whether

the witnesses are testifying about matters that might be important to the court's decision, or important to defendant's defenses, or whether remote testimony might impair defendant's ability to conduct effective cross-examination. See, e.g., Vt. R. Civ. P. 43.1(h) (listing non-exclusive factors for the court's evaluation, including whether the procedure would allow for full and effective and examination and cross-examination of witnesses by all parties and the court, and whether any undue prejudice would result to a party). For these reasons, the motions are denied.

Electronically signed on Wednesday, May 29, 2024 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 05/29/24
Windsor Unit